# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JERMAINE J. CAMPBELL, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 2:13-cv-02303-JAD-NJK |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JAMES G. COX, et al., | ) | (Docket No. 43) |
| | ) | |
| Defendant(s). | ) | |

Pending before the Court is Plaintiff's motion to compel. Docket No. 43. Defendants filed a response. Docket No. 47. No reply was filed. *See* Docket. The Court finds the motion properly resolved without oral argument. *See* LR 78-1. For the reasons discussed below, Plaintiff's motion is **DENIED**.

This is a prisoner's civil rights case. *See* Docket No. 9. On March 24, 2015, the Court entered the scheduling order in this matter. Docket No. 27. That order set the discovery cut-off date for June 22, 2015, and required discovery motions to be filed no later than July 6, 2015. *Id.* at 2.

On June 15, 2015, Plaintiff filed his first set of interrogatories on the docket. *See* Docket No. 32. That same day, the Court struck the documents and informed Plaintiff that, pursuant to the Local Rules of Practice, discovery-related documents should not be filed. *Id*. It appears that Plaintiff served Defendants with his first set of interrogatories on June 11, 2015. Docket No. 47-1 at 1. On March 28, 2016, Plaintiff filed the instant motion to compel answers to his first set of interrogatories. Docket No. 43.

//

//

1    "A party served with interrogatories or requests for production must serve its answers and
2 any objections within 30 days after being served with the discovery requests." *Christmas v. MERS*,
3 2010 WL 2695662, at *2 (D. Nev. July 2, 2010) (citing Fed.R.Civ. 33(b), 34(b)). "The rules' grant
4 of 30 days for the responding party to answer discovery requests mandates that in order to meet the
5 discovery deadline, the requesting party must file his discovery requests 'at least 30 days before the
6 discovery cutoff.'" *Id.* (citing *Smith v. Principal Cas. Ins. Co.*, 131 F.R.D. 104, 105 (S.D. Miss.
7 1990)).  As in *Christmas*, by serving his discovery requests only 11 days prior to the discovery cut-
8 off (at the earliest), Plaintiff failed to leave Defendants sufficient time to respond.  Accordingly,
9 Plaintiff's discovery requests are untimely.

10   Plaintiff submits this untimeliness should be excused because he was transferred to a
11 different prison, which delayed his receipt of the Court's scheduling order until April 7, 2015.
12 Docket No. 43 at 2.  Plaintiff submits that, as a layperson, he believed he had until June 22, 2015,
13 to serve interrogatories on Defendants.  *Id*.

14   Even if the Court excuses Plaintiff's last discovery requests, however, his motion to compel
15 itself is untimely.  Discovery motions were due no later than July 6, 2015.  Docket No. 27 at 2.
16 Plaintiff does not claim that he misunderstood the discovery motion deadline.  Plaintiff filed his
17 motion on March 28, 2016, approximately 266 days after the Court-ordered deadline.  Docket No.
18 43.  Plaintiff offers no reason for this delay.  Accordingly, because Plaintiff unreasonably delayed
19 in bringing his motion to compel, his motion is **DENIED**.  *See Gault v. Nabisco Biscuit Co.*, 184
20 F.R.D. 620, 622 (D. Nev. 1999) (finding motion to compel filed 76 days after close of discovery to
21 be untimely).

22   IT IS SO ORDERED.
23   DATED: May 13, 2016

NANCY J. KOPPE
United States Magistrate Judge

- 2 -